USDC IN/ND case 2:22-cv-00103-JTM-JEM document 4 filed 03/19/22 page 1 of 8

45D05-2203-CT-000288
Lake Superior Court, Civil Division 5

Filed: 3/19/2022 10:47 AM
Clerk
Lake County, Indiana

| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF LAKE | ) | SITTING AT _____, INDIANA |

JANUSZ AUGUSTYNSKI & )
BERNADETTE AUGUSTYNSKI, )
    Plaintiffs )
     )
vs. ) Cause No.:
     )
HOME DEPOT, U.S.A., INC a/k/a )
HOME DEPOT STORE # 2036 )
LOCATED AT 1624 E. 165TH Street )
Hammond, IN 46320 )
and ASSEMBLERS, INC., )
    Defendants. )

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs, JANUSZ AUGUSTYNSKI and BERNADETTE AUGUSTYNSKI, by their attorneys CRIST, SEARS & ZIC, LLP, as and for their claims for relief against of the Defendants, HOME DEPOT U.S.A., INC. ("HOME DEPOT") and ASSEMBLERS, INC. ("ASSEMBLERS") and state as follows:

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiffs are residents of Munster, IN. At all relevant times, Plaintiffs JANUSZ AUGUSTYNSKI ("JANUSZ") and BERNADETTE AUGUSTYNSKI ("BERNADETTE") were and are married and lived together as husband and wife.

2. Defendant HOME DEPOT is a foreign corporation registered to do business in the State of Indiana and owned, operated, maintained and/or managed the premises located at 1624 East 165th Street, Hammond, Indiana, 46320 ("Premises").

3. Defendant ASSEMBLERS is a foreign corporation registered to do business in Indiana and was on the Premises of HOME DEPOT performing services thereon pursuant to an agreement with and/or consent of HOME DEPOT.

1

4. On or about March 24, 2020, HOME DEPOT invited the general public into its store to buy and shop its merchandise.

5. On March 24, 2020, JANUSZ, while a lawful invitee on the Premises at 1624 East 165th Street, Hammond, Indiana, 46320 fell to the floor when materials that were improperly located on/near the floor, in an aisle that was intended for shoppers, entangled his feet causing him to fall, hitting his head, neck, back, shoulders and arms.

## COUNT I
### PERSONAL INJURY CLAIM OF JANUSZ AUGUSTYNSKI AGAINST HOME DEPOT

6. Plaintiffs incorporate by reference their rhetorical paragraphs 1-5 as if fully set forth herein.

7. On March 24, 2020, JANUSZ, was lawfully on the Premises at 1624 East 165th Street, Hammond, Indiana, 46320.

8. At such date and time, JANUSZ was shopping in an aisle where he, as a member of the invited general public, was expected and intended to walk.

9. At all times hereinafter mentioned, it was the duty of HOME DEPOT, individually or jointly and severally with others, to exercise a reasonable degree of care and caution in the ownership, operation, management, utilization of the store premises and any activities conducted thereon in order to avoid injury to persons lawfully upon the premises, including JANUSZ.

10. On March 24, 2020, HOME DEPOT knew or should have known that there were personnel in the aisle, who were assembling equipment for use in the store for display, sale or delivery at the store, creating a hazard to the public.

11. At all times hereinafter mentioned, it was the duty of the HOME DEPOT , individually, jointly and severally, to exercise a reasonable degree of care and caution in the

ownership, operation, management, utilization of the store premises and any activities conducted thereon, in order to avoid injury to persons lawfully upon the premises, including JANUSZ.

12. That in breach of HOME DEPOT's duty to exercise reasonable care and caution in the ownership, operation, management and utilization of the store premises and any activities conducted thereon, HOME DEPOT was individually, jointly or severally liable for the following negligent conduct:

   a. Failure to properly maintain the store aisle in a safe manner;

   b. Failure to properly supervise, clean, maintain, or inspect the premises;

   c. Failure to properly maintain the aisle wherein JANUSZ was walking;

   d. Failure to properly secure, prevent or alert the public to the dangerous condition from the public in the aisle wherein JANUSZ was walking;

   e. Failure to adequately secure the premises to allow JANUSZ to walk safely thereon;

   f. Failure to properly supervise and allowing the inappropriate and careless use of the public shopping aisle in an unsafe manner;

   g. Failure to secure the premises so as not to present a tripping hazard to the JANUSZ;

   h. Allowing or creating a tripping hazard in the premises;

   i. Allowing unsafe assembly of equipment and/or use of materials used to ship, package and transport those items in a store aisle where the general public would travel; and

   j. Failure to implement and/or execute safety policies, practices and procedures for the protection of customers lawfully upon the premises.

3

13.   HOME DEPOT knew or should have known about the unsafe conditions then and there existing.

14.   JANUSZ, as the result of HOME DEPOT's negligence, was caused to fall and injure himself when he fell heavily and injured his head, back, shoulders, neck and arms.

15.   As a direct result of the negligent and careless conduct of the HOME DEPOT, either individually or jointly and severally with others, JANUSZ was injured, disabled, incurred medical, hospital, diagnosis-related, therapy, drug, transportation and substitute assistance expenses or costs and lost income.

16.   JANUSZ was caused to suffer pain, disability and will in the future incur additional medical costs and suffer future pain and suffering.

WHEREFORE, JANUSZ prays for judgment against HOME DEPOT on Count I in an amount that is fair and reasonable, plus costs of this action, and for all other relief appropriate in the premises.

/s/ Jacquelyn S. Pillar
Jacquelyn S. Pillar, #25051-64

## COUNT II
## PERSONAL INJURY CLAIM OF JANUS AUGUSTYNSKI
## AGAINST ASSEMBLERS

17.   Plaintiffs incorporate by reference their rhetorical paragraphs 1-16 as if fully set forth herein.

18.   ASSEMBLERS is an independent contractor, agent, servant or employee of HOME DEPOT and on March 24, 2020 was working on the Premises of HOME DEPOT with HOME DEPOT's knowledge and consent.

19.   On March 24, 2020, ASSEMBLERS had personnel either employed or under its control, located in an aisle that was intended for shoppers, at the Premises who were assembling

equipment for use in the HOME DEPOT store for display, sale or delivery from the store.

20. On March 24, 2020, JANUSZ was lawfully on the Premises.

21. On March 24, 2020, JANUSZ was shopping in an aisle where he was expected to walk.

22. ASSEMBLERS knew or should have known that there were ASSEMBLERS' personnel in said aisle who were using the aisle floor space in assembling items for use in the store for display, sale or delivery at the store, in such a manner that it created a hazard to the public.

23. At all times hereinafter mentioned, it was the duty of ASSEMBLERS individually, or jointly and severally with others, to exercise a reasonable degree of care and caution in the operation, management, utilization of the store premises and any activities conducted thereon in order to avoid injury to persons lawfully upon the premises, including JANUSZ.

24. In breach of ASSEMBLER's duty to exercise reasonable care and caution in the ownership, operation, management and utilization of the store premises and any activities conducted thereon, ASSEMBLERS was individually, jointly or severally liable for the following negligent conduct:

    a. Failure to properly maintain the store aisle in a safe manner;

    b. Failure to properly supervise, clean, maintain, or inspect the premises;

    c. Failure to properly maintain the aisle wherein JANUSZ was walking;

    d. Failure to properly secure, prevent or alert the public to the dangerous condition from the public in the aisle wherein JANUSZ was walking;

    e. Failure to adequately secure the premises to allow JANUSZ to walk safely thereon;

    f. Failure to properly supervise and allowing the inappropriate and careless use of

5

      the public shopping aisle in an unsafe manner;

  g. Failure to secure the premises so as not to present a tripping hazard to the JANUSZ;

  h. Allowing or creating a tripping hazard in the premises;

  i. Allowing unsafe assembly of equipment and/or use of materials used to ship, package and transport those items in a store aisle where the general public would travel; and

  j. Failure to implement and/or execute safety policies, practices and procedures for the protection of customers lawfully upon the premises.

25. ASSEMBLERS knew or should have known about the unsafe conditions then and there existing.

26. JANUSZ, as the result of ASSEMBLER's negligence, was caused to fall and injure himself when he fell heavily and injured his head, back, shoulders, neck and arms.

27. As a direct result of the negligent and careless conduct of ASSEMBLERS, either individually or jointly and severally with others, JANUSZ was injured, disabled, incurred medical, hospital, diagnosis-related, therapy, drug, transportation and substitute assistance expenses or costs and lost income. or costs and lost income and experienced severe pain and suffering from the event.

28. JANUSZ was caused to suffer pain, disability and will in the future incur additional medical costs and suffer future pain and suffering.

WHEREFORE, JANUSZ prays for judgment against ASSEMBLERS on Count II in an amount that is fair and reasonable, plus costs of this action, and for all other relief appropriate in the premises.

/s/ Jacquelyn S. Pillar
Jacquelyn S. Pillar, #25051-64

## COUNT III
## LOSS OF CONSORTIUM CLAIM OF BERNADETTE AUGUSTYNSKI
## AGAINST HOME DEPOT U.S.A., INC.

29. Plaintiffs incorporate by reference their rhetorical paragraphs 1-28 as if fully set forth herein.

30. Due to the negligence and carelessness of the HOME DEPOT, BERNADETTE has lost and may in the future lose the services, society, comfort, affection, consortium and companionship of JANUSZ. Each of these losses are as a direct result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the HOME DEPOT, either jointly, severally or individually.

WHEREFORE, BERNADETTE prays for judgment against HOME DEPOT on Count III in an amount that is fair and reasonable, plus costs of this action, and for all other relief appropriate in the premises.

/s/ Jacquelyn S. Pillar
Jacquelyn S. Pillar, #25051-64

## COUNT IV
## LOSS OF CONSORTIUM CLAIM OF BERNADETTE AUGUSTYNSKI
## AGAINST ASSEMBLERS, INC.

31. Plaintiffs incorporate by reference their rhetorical paragraphs 1-30 as if fully set forth herein.

32. Due to the negligence and carelessness of ASSEMBLERS, BERNADETTE has lost and may in the future lose the services, society, comfort, affection, consortium and companionship of JANUSZ. Each of these losses are as a direct result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the ASSEMBLERS, either

jointly, severally or individually.

WHEREFORE, BERNADETTE prays for judgment on Count IV against ASSEMBLERS in an amount that is fair and reasonable, plus costs of this action, and for all other relief appropriate in the premises.

/s/ Jacquelyn S. Pillar
Jacquelyn S. Pillar, #25051-64

## JURY DEMAND

Plaintiffs JANUSZ and BERNADETTE demand a trial by Jury.

Respectfully submitted,

/s/ Jacquelyn S. Pillar
Jacquelyn S. Pillar, #25051-64
Attorney for Plaintiffs

CRIST, SEARS & ZIC, LLP
11051 Broadway, Suite C
Crown Point, IN 46307
(219) 836-0200
jpillar@cszlegal.com