UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JANUSZ AUGUSTYNSKI, et al.,

     Plaintiffs,

     v.

     Case No. 2:22-CV-103-GSL

HOME DEPOT U.S.A., INC., et al.,

     Defendants.

## OPINION AND ORDER

There are two pending motions before the Court. Defendant Assemblers filed their Motion for Summary Judgment [DE 47] on September 27, 2023. Defendant Home Depot filed their Motion for Summary Judgment [DE 53] on October 30, 2023. For the reasons below, both motions are GRANTED.

## BACKGROUND

Plaintiff Janusz Augustynski and his son visited Defendant Home Depot's store in Hammond, Indiana, on March 24, 2020, to buy a piece of plywood. [DE 48, Page 2]. As Plaintiff was walking into the aisle, he saw pallets lying on the side of the aisle, directly in front of the plywood. [DE 64, Page 2:4-6]. The pallets had cardboard boxes strapped to them. [DE 64, Page 2:7-9]. To access the plywood, Plaintiff had to step over and around the boxes strapped onto the pallet. [DE 64, Page 3:17]. Plaintiff walked up to the pallet, stepped onto the pallet, and stepped over and around the boxes to access the plywood. [DE 64, Page 3:18]. To free the plywood entirely from its position, Plaintiff had to continuously pull and twist on the plywood, simultaneously adjusting his feet and moving his body backwards to maneuver the plywood out. [DE 64, Page 5:29-31]. In doing so, Plaintiff tripped on a strap that was used to secure boxes to

the pallet and fell off the pallet onto the ground hitting his head. [DE 64, Page 5:29-31]. Plaintiff only remembers being lifted off the floor. [DE 48, Page 5].

Defendant Home Depot subcontracts assembly of mass merchandise, like gas grills and wheelbarrows, to Defendant Assemblers. [DE 49-4, Page 3, 7:17-23; 8:3-10]. Defendant Home Depot will place the merchandise where they would like it assembled in the store, and Defendant Assemblers builds the merchandise, typically stacked on pallets, in that spot. [DE 49-4, Page 7, 21:11-23; DE 49-5, 39:21-24; 40:1-2]. In this case on the day of the accident, Defendant Assemblers was building a gas grill several feet from the pallets where Plaintiff tripped. [DE 49-1, Page 23, 86:12-21; 88:14-25, 89:1-7]. Plaintiff reiterated throughout his deposition that he tripped on the strap on the pallet, not on something on the floor of the aisle. [DE 49-1, Page 22, 84:14-8; DE 60, Page 3; DE 64, Page 5:29-31].

Specific to its contract with Defendant Home Depot, Defendant Assemblers was not allowed to use Defendant Home Depot's ladders, fall protection equipment, power lift equipment, or any of their power tools. [DE 49-4, Page 9, 30:5-20]. Defendant Assemblers was also not authorized to use Defendant Home Depot's forklifts, which are used to move pallets. [DE 49-4, Page 10, 34:18-22; DE 49-5, Page 18, 66:5-8;67:3-7]. Defendant Assemblers was not authorized to close a store aisle from customer traffic or post warning signs during assembly of merchandise. [DE 49-4, Page 17, 61:22-24; 62:1-4].

## LEGAL STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party opposing summary judgment may not rely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her

case." *Maldonado v. City of Hammond*, 2016 U.S. Dist. LEXIS 144710, *2-3 (N. D. Ind Oct. 18, 2016) (citing *Goodman v. Nat'l Sec. Agency, Inc*., 621 F.3d 651, 654 (7th Cir. 2010)). Summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)).

Federal courts sitting in diversity, like here, apply federal procedural law and state substantive law. *Austin v. Walgreen* Co., 885 F.3d 1085, 1089 (7th Cir. 2018) (citing *Gasperini v. Ctr. for Humanities, Inc*., 518 U.S. 415, 427 (1996)). In Indiana, a defendant moving for summary judgment must affirmatively disprove an element of the plaintiff's case. *Austin v. Walgreen Co.*, 885 F.3d 1085, 1089 (7th Cir. 2018) (citing *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1188 (Ind. 2016)). In federal court, a party moving for summary judgment need not present any evidence concerning the nonmovant's claim, and instead must only show the absence of evidence to support the claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, it is not helpful to use Indiana cases as a gauge of evidentiary sufficiency on a summary judgment motion filed in federal court. *Austin v. Walgreen Co*., 885 F.3d at 1089.

## <u>DISCUSSION</u>

Because federal courts sitting in diversity apply state substantive law, Indiana law controls Plaintiffs' negligence claims. An Indiana state law tort claim has three elements, "(1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach." *Christmas v. Kindred Nursing Ctrs. Ltd. P'ship*, 952 N.E.2d 872, 878 (Ind. Ct. App. 2011). A person's status on the land as invitee, licensee, or trespasser determines the duty owed by the landowner to the invitee. *Burrell v. Meads*, 569

N.E.2d 637, 639 (Ind. 1991). Whether a duty exists is a question of law for the court to decide. *Kader v. Dep't of Corr.*, 1 N.E.3d 717, 726 (Ind. Ct. App. 2013).

An invitee is a person who goes onto the land of another at the express or implied invitation of an owner or occupant either to transact business or for the mutual benefit of invitee and owner or occupant. *Markle v. Hacienda Mexican Rest.*, 570 N.E.2d 969, 971 (Ind. Ct. App. 1991). The Restatement (Second) of Torts § 343 (1965), provides:

> A possessor of land is subject to liability for physical harm caused to invitees if he (a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

*Schulz v. Kroger Co.,* 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012); *see also Golba v. Kohl's Dept. Store, Inc.,* 585 N.E.2d 14, 15 (Ind. Ct. App. 1992), *reh'g denied, trans. denied*. While a landowner's duty to a business invitee includes a duty to exercise reasonable care to protect the invitee from foreseeable dangers on the premises, there is no duty to ensure a business invitee's safety while on the premises. *Booher v. Sheeram*, LLC, 937 N.E.2d 392, 395 (Ind. Ct. App. 2010), *reh'g denied, trans. denied*. Before liability may be imposed on the landowner, it must be established that the landowner had actual or constructive knowledge of the danger. *Carmichael v. Kroger Co.*, 654 N.E.2d 1188, 1191 (Ind. Ct. App. 1995), *trans. denied.* A landowner is generally not liable for "known or obvious dangers on the land so long as it would not anticipate the harm despite such knowledge or obviousness." *Weaver v. Speedway*, 28 F.4th 816, 821 (7th

4

Cir. 2022) (citing *Roumbos v. Samuel G. Vazanellis & Thiros & Stracci, PC*, 95 N.E.3d 63, 66 (Ind. 2018)).

## I.    Defendant Home Depot

Plaintiff was a customer of Home Depot when the incident occurred, which made him an invitee for a "purpose directly or indirectly connected with business dealings with the possessor of the land." *Burrell v. Meads,* 569 N.E.2d 637, 642 (Ind. 1991) (quoting Restatement (Second) of Torts § 332 (1965)). Because Plaintiff was an invitee, Defendant Home Depot had a duty to reasonably protect him from foreseeable dangers. *Booher v. Sheeram*, LLC, 937 N.E.2d 392, 395 (Ind. Ct. App. 2010). Although Defendant Home Depot owed Plaintiff a duty because he was an invitee, they had no duty to protect against "known or obvious dangers on the land so long as it would not anticipate the harm despite such knowledge or obviousness." *Weaver v. Speedway*, 28 F.4th 816, 821 (7th Cir. 2022) (citing *Roumbos v. Samuel G. Vazanellis & Thiros & Stracci, PC*, 95 N.E.3d 63, 66 (Ind. 2018)).

Plaintiff's own testimony is directly at odds with his negligence claims against Defendant Home Depot. In his deposition, Plaintiff acknowledged he saw the pallets and identified that boxes were strapped to them before entering the aisle. [DE 49-1, Page 15, 54:17-22; Page 27, 102:6-14]. Plaintiff's son, who was with him shopping that day, agreed in his own deposition that the straps were "readily apparent." [DE 49-2, Page 20, 74:22-7]. Plaintiff saw that the pallets were blocking access to the plywood he wanted to purchase. [DE 21, 78:10-22]. Plaintiff was aware he could ask staff for help accessing the plywood that was blocked by the pallets but testified that he chose not to because it would take too long. [DE 49-1, Page 25, 93:15-25; 94:1-7]. Plaintiff knew that the pallet was not placed in the aisle to be a stepping stool, and in fact, had seen pallets placed in the aisles many times before, describing it as "happening constantly." [DE

5

49-1, Page 27, 104:4-6; Page 46, 180:2-20; Page 49, 192:1-8]. Plaintiff further admitted that he did not "pay much attention" to the pallets themselves or to the straps attached to them. [DE 49-1, Page 27:6-20]. Notably, in his own response brief [DE 60], Plaintiff alleged that his injuries occurred because he "forgot" about the strap behind him while stepping backwards off the pallets. [DE 60, Page 3].

Plaintiff saw the pallets and straps in the aisle and chose not to pay much attention to them. Plaintiff did not want to spend time finding or waiting for a staff member to assist him in moving the pallets or accessing the plywood. Plaintiff had seen pallets in aisles many times before, and knew they were not to be used as step stools. Plaintiff's admissions that he saw both the pallets and straps in the aisle and that he knew he was not meant to step on them demonstrates that the pallet and straps were a known and obvious danger. Because the pallets and straps were a known and obvious danger, Defendant Home Depot had no reason to protect Plaintiff from them, and as result, summary judgment is appropriate. *Weaver v. Speedway*, 28 F.4th 816, 821 (7th Cir. 2022) (citing *Roumbos v. Samuel G. Vazanellis & Thiros & Stracci, PC*, 95 N.E.3d 63, 66 (Ind. 2018)).

## II.    Defendant Assemblers

Plaintiffs' negligence claims as to Defendant Assemblers also fail. Defendant Assemblers did not create a tripping hazard in the area where it was working or fail to keep its workspace safe. Plaintiff admitted he was injured after stepping onto a pallet and tripping on the strap behind him while stepping backwards. [DE 49-1, Page 22, 84:14-8; DE 60, Page 3; DE 64, Page 5:29-31]. Defendant Assemblers could not have placed physical warning signs or aisle barricades, nor could they have moved the pallet to a different part of the store, since they were not authorized to do so. [DE 49-4, Page 10, 34:18-22; DE 49-4, Page 17, 61:22-24; 62:1-4; DE

49-5, Page 18, 66:5-8;67:3-7]. Plaintiff acknowledged the presence of pallets and straps in front of the plywood rack as he entered the aisle, and he knew he was not supposed to step on them. [DE 49-1, Page 15, 54:17-22; Page 27, 102:6-14; Page 27, 104:4-6; Page 46, 180:2-20; Page 49, 192:1-8]. Here again, the Plaintiff's admissions that he saw both the pallets and straps in the aisle and that he knew he was not meant to step on them demonstrates that the pallet and straps were a known and obvious danger. Because the pallets and straps were a known and obvious danger, Defendant Assemblers had no reason to protect Plaintiff from them, and as result, summary judgment is appropriate. *Weaver v. Speedway*, 28 F.4th 816, 821 (7th Cir. 2022) (citing *Roumbos v. Samuel G. Vazanellis & Thiros & Stracci, PC*, 95 N.E.3d 63, 66 (Ind. 2018)).

## CONCLUSION

For the forgoing reasons, both Defendant Assemblers' Motion for Summary Judgment [DE 47] and Defendant Home Depot's Motion for Summary Judgment [DE 53] are GRANTED. The Court DIRECTS the Clerk of Court to enter judgment against the Plaintiffs in favor of the Defendants. The Plaintiffs take nothing by his complaint.

SO ORDERED.

ENTERED: July 18, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court